**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| RONALD HEINTZMAN,         ) | | |
| ) | | |
| Plaintiff,    ) | | |
| ) | | |
| v.              ) Civil Action No. 11-1456 (EGS) | | |
| ) | | |
| AMALGAMATED TRANSIT UNION  ) | | |
| INTERNATIONAL, *et al.*,   ) | | |
| ) | | |
| Defendants.   ) | | |
| ) | | |

**MEMORANDUM OPINION**

On July 22, 2011, plaintiff Ronald Heintzman, proceeding *pro se*, filed a complaint in the Superior Court of the District of Columbia against defendants Amalgamated Transit Union International ("ATU"), a labor organization, and Lawrence Hanley, in his official capacity as International President of ATU ("President"). Plaintiff's complaint asserts a breach of contract claim against defendants for violation of the ATU Constitution and General Laws ("ATU Constitution"). Plaintiff, who served as International Executive Vice President and then President of ATU from August 2009 through September 2010, alleges that defendants have unlawfully withheld vacation pay to which he is entitled under Sections 8 and 10 of the ATU Constitution, which specify the duties and benefits of the organization's executive officers. Defendants timely removed plaintiff's action to this Court, on grounds that plaintiff's vacation pay claim arises under federal law. Pending before the Court is

plaintiff's motion to remand the action to Superior Court. Upon consideration of plaintiff's motion, the defendants' response thereto,[1] the applicable law, the entire record, and for the reasons set forth below, the Court concludes that it must **DENY** plaintiff's motion to remand.

## I.   BACKGROUND

Defendant ATU is an international labor organization with its principal place of business in Washington, DC. Notice of Removal ("Not. Rem.") ¶ 3. ATU is an unincorporated membership association which exists for the purpose of representing employees in the transit industry concerning grievances, labor disputes, wages, rates of pay, hours of employment, and/or conditions of work. Not. Rem. ¶ 3. ATU oversees and directs the activities of approximately 270 local labor unions throughout the United States and Canada. Not. Rem. ¶ 4; Compl. ¶ 3. Defendant Lawrence Hanley currently serves as President of ATU and is being sued in his official capacity. Not. Rem. ¶ 1.

Plaintiff was employed as International Executive Vice President of ATU from August 1, 2009 to June 30, 2010. Compl. ¶ 2. He was appointed to the position of President of ATU by the ATU Executive Board on July 1, 2010. Compl. ¶ 2. Plaintiff was subsequently unseated as President by election of the ATU

---

[1] Plaintiff did not file any reply in support of his motion to remand.

membership in late September 2010.  Compl. ¶ 5.  The successful candidate, Lawrence Hanley, took office on September 30, 2010.  Compl. ¶ 5.

Section 8 of the ATU Constitution provides that the President of ATU "shall be allowed thirty (30) calendar days leave of absence to be taken wholly or in part as the [President] may elect."  ATU Const. § 8; Compl. ¶ 7.  Similarly, Section 10 of the Constitution provides that the International Executive Vice President "shall be allowed thirty (30) calendar days' vacation annually with full pay."  ATU Const. § 10; Compl. ¶ 7.  Plaintiff alleges that he did not take any of the vacation days he accrued pursuant to these provisions during the year prior to his removal from office.  Compl. ¶ 8.  Plaintiff further alleges that, according to ATU custom, unused vacation leave has typically been paid upon termination of employment.  Compl. ¶ 7.  Accordingly, immediately following his removal from office, plaintiff sought recovery of his full allocation of vacation pay.  Compl. ¶ 8.  Despite repeated requests, plaintiff alleges, defendants have refused to authorize payment.  Compl. ¶ 9.

Plaintiff initiated this action for breach of contract in the Superior Court of the District of Columbia on or about July 22, 2011.  Not. Rem. Ex. C, Initial Order and Addendum, Doc. No. 1.  Plaintiff seeks relief in the amount of $28,271.43 with interest and costs.  Compl. ¶ 12.  Plaintiff also asks this Court

to order defendant ATU to re-calculate plaintiff's pension to include the additional six weeks of compensation.  Compl. ¶ 12.  Defendants removed plaintiff's action to this Court on August 11, 2011.  Plaintiff objects to removal and filed a motion to remand the action to Superior Court on August 31, 2011.  *See generally* Plaintiff's Motion to Remand ("Pl. Mot."), Doc. No. 8.  Plaintiff's motion to remand is now ripe for consideration by the Court.

## II. ANALYSIS

Under 28 U.S.C. section 1441, a defendant may remove a case filed in state court to federal court only when the action could originally have been filed in federal court.[2]  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Specifically, 28 U.S.C. section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties.

The burden of establishing federal jurisdiction is on the party seeking removal.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Defendant contends that removal of plaintiff's action to this Court is proper pursuant to Section 301(a) of the Labor

---

[2]  For removal purposes, the term "state court" includes the Superior Court of the District of Columbia.  *See* 28 U.S.C. § 1451.

Management Relations Act of 1947 ("LMRA"), which gives the district courts of the United States jurisdiction over all "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations."  29 U.S.C. § 185(a) ("Section 301(a)").  The Supreme Court has expressly held that the constitutions of international labor organizations, such as ATU, are "contracts" within the meaning of Section 301(a) because they are contracts "between labor organizations."  *See* Defendants' Opposition to Plaintiff's Motion to Remand ("Def. Opp'n"), Doc. No. 10, at 3 (citing *United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. v. Local 334*, 452 U.S. 615, 627 (1981)).[3]  Accordingly, defendants conclude, because plaintiff's alleged right to vacation pay is created by the ATU Constitution itself and plaintiff is suing to enforce that right, this action falls squarely within the scope of Section 301(a) and, therefore, is subject to the jurisdiction of the federal courts.[4]

Plaintiff contends, by contrast, that this action does not

---

[3]   Defendants further note that, under Supreme Court precedent, the subject-matter jurisdiction conferred on the federal courts by Section 301(a) extends to suits on union constitutions brought by individual union members. Def. Opp'n at 3 (citing *Woodell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 98-103 (1991)).

[4]   Defendants do not contend that this action is also removable on other grounds, such as diversity.

fall within the scope of Section 301(a).  First, plaintiff argues, this action is not the type of action envisioned by Section 301(a) because plaintiff does not seek to vindicate his union membership rights but only seeks to vindicate his rights as an <u>employee</u> of the union.  As plaintiff points out, courts have held that Section 301(a) does not give the federal courts subject-matter jurisdiction over individual employment contracts.  *See* Pl. Mot. ¶ 4 (citing *Padilla-Gonzalez v. Local 1575, Int'l Longshoremen's Ass'n*, 635 F. Supp. 2d 105, 110-11 (D.P.R. 2009)).  *See also Kunz v. United Food & Commercial Workers, Local 876*, 5 F.3d 1006, 1009 (6th Cir. 1993) (holding that a simple employment contract between an individual and a labor organization is not a contract within the meaning of Section 301(a)).

Second, plaintiff argues that this action does not fall within the scope of Section 301(a) because it does not require "interpretation" of the ATU Constitution but is purely a factual inquiry.  According to plaintiff, "[t]he factual question at issue is not what the language says but whether [plaintiff] did or did not take vacation."  Pl. Mot. ¶ 5.  Indeed, plaintiff contends, the language of the ATU Constitution that creates the purported right he seeks to enforce is "clear, unambiguous, and does not require interpretation."  Pl. Mot. ¶ 5.

Having carefully considered the parties' arguments, the Court finds that it must agree with defendants.  The Court notes

that, in general, "[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes that the plaintiff is "master of the claim" and may rely exclusively on state law to avoid federal question jurisdiction. *See id.* Here, on its face, plaintiff's complaint does not assert a right to relief based on any question of federal law; rather, plaintiff asserts only a state common-law breach of contract claim.

However, a corollary to the well-pleaded complaint rule provides for removal where there is complete federal preemption of potential state-law claims. *See Caterpillar*, 482 U.S. at 393. Under this principle, the preemptive force of a statute can be so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). When the federal statute completely preempts the state-law cause of action, any civil complaint raising that claim is therefore "necessarily federal in character." *Id.* at 63-64. Section 301 of the LMRA is one of the few federal statutes that the Supreme Court has found to completely preempt state law. *See id.* at 64 (citing *Avco Corp.*

*v. Machinists*, 390 U.S. 557 (1968)).  Indeed, the Supreme Court has described Section 301(a) as "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).  Accordingly, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law."  *Id.* at 220 (internal citation omitted).

In this case, it is undisputed that plaintiff seeks to vindicate a right created by two specific provisions of an international union constitution.  The Supreme Court has held that international union constitutions fall within the scope of Section 301(a).  *See Journeymen*, 452 U.S. at 622.  The Supreme Court has also held that individual union members may bring suit to enforce the terms of a union constitution.  *See Wooddell*, 502 U.S. at 98; *see also Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1962) (rejecting argument that the scope of Section 301(a) is limited only to suits between unions and employers).  Although plaintiff may be correct that he is seeking to vindicate his rights as an employee of the union, the Court finds plaintiff's argument for remand on these grounds unpersuasive.  Plaintiff's situation is a unique one.  The benefits that accrued to him as

an executive officer of ATU are established by the ATU Constitution itself.  Accordingly, to the extent plaintiff is suing to enforce the terms of an international union constitution, this action clearly falls within the bounds of Section 301(a).  As the Supreme Court observed in *Journeymen*, "[n]othing in the language or legislative history of § 301(a) suggests any special qualification or limitation on its reach, and we decline to interpose one ourselves."  452 U.S. at 624-25.  *See also, e.g.*, *Kitzmann v. Local 619-M Graphic Commc'ns Conference of the Int'l Bhd. of Teamsters*, 415 Fed. Appx. 714, 719 (6th Cir. 2011) (affirming district court denial of a motion to remand insofar as plaintiff, a former union president, alleged violations of an international labor union constitution); *Vazquez v. Central States Joint Bd., Int'l Union of Allied Novelty & Prod. Workers*, 2005 U.S. Dist. LEXIS 7083, at *32-33 (N.D. Ill. Jan. 25, 2005) (finding that the court had subject-matter jurisdiction pursuant to Section 301(a) over certain counts of plaintiff's complaint that raised claims of breach of an international labor union constitution).

   The cases cited by plaintiff do not mandate a different conclusion.  In *Padilla-Gonzalez*, for example, the District Court of Puerto Rico held that it did not have jurisdiction over a local union president's breach of contract claims primarily because the plaintiff sought to enforce the terms of a <u>local</u>

union constitution, which the court found was not a contract within the meaning of Section 301(a). 635 F. Supp. 2d at 110 ("[A] purely local constitution is not a contract between labor organizations under section 301(a) . . . [because] local constitutions concern the relationship between individual members and the local, not between two unions.").[5] Other courts that have remanded similar actions have done so primarily on grounds that the plaintiffs sought to enforce rights created by agreements or other policies outside the scope of Section 301(a). *See, e.g.*, *Marion v. Va. Elec. & Power Co.*, 52 F.2d 86, 88-89 (4th Cir. 1995) (holding that district court erred in denying motion to remand because plaintiff's suit was based on breach of an individual employment agreement and plaintiff was not covered by collective bargaining agreement at the time of termination); *Int'l Union of Bricklayers and Allied Craftworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33, 43 (D.D.C. 2005) (remanding action to Superior Court because plaintiff sought to enforce and collect on a bond that was not a contract within the meaning of Section

---

[5] Moreover, the local constitution at issue in that case did not specifically create a right to the monetary relief the plaintiff sought to recover (i.e., a Christmas bonus, pension plan contributions, and medical plan payments) but instead merely provided that "[s]yndical work performed for the Union and/or in representation of the same will be paid based on the maximum salaries and fringe benefits that the Union may have obtained during the negotiations and collective bargaining agreements for the members of the Union." *Id.* at 108. Here, by contrast, the ATU Constitution expressly grants the ATU President and International Executive Vice President certain vacation benefits.

301(a)); *Comm'r of Labor of the State of North Carolina v. Teamsters Local No. 71*, 1999 U.S. Dist. LEXIS 3701, at *3 (E.D.N.C. Feb. 5, 1999) (remanding action to state court because "[plaintiffs'] entitlement to vacation pay . . . arises, if at all, from local union policies as stated in the minutes of the local union's executive committee" and local policies are outside the scope of Section 301(a)). Here, by contrast, plaintiff has identified no employment contract with ATU or other agreement that establishes his purported right to vacation pay, apart from the ATU Constitution itself.

The Court similarly rejects plaintiff's argument that this Court lacks subject-matter jurisdiction under Section 301(a) because the resolution of this case requires only "reference" to the ATU Constitution rather than "interpretation" of its provisions. As defendants note, the legal dispute between the parties in this case turns on the question of whether, under a reasonable reading of the ATU Constitution, plaintiff is required to provide documentation to show that he used a specified number of vacation days before he is entitled to receive pay for any unused days. Def. Opp'n at 9. However, "[w]hat the constitution means in relation to [plaintiff's] claim is a question about the *merits* of that claim." *See Korzen v. Local Union 705, Int'l Bhd. of Teamsters*, 75 F.3d 285, 289 (7th Cir. 1996) (emphasis added). The Court need not reach the merits of plaintiff's claim at this

stage; the fact that plaintiff has asserted a claim arising under the ATU Constitution is sufficient to confer subject-matter jurisdiction on this Court under Section 301(a).  *See Bush v. Clark Constr. & Concrete Corp.*, 267 F. Supp. 2d 43, 46 (D.D.C. 2003) (finding that Section 301(a) preempts plaintiff's state-law claim for recovery of wages under a collective bargaining agreement because "the claim is substantially dependent on terms of the [agreement]" governing the timing of plaintiff's final paycheck and "the Court must construe the [agreement] to resolve the plaintiff's claim").

Accordingly, the Court concludes that it must **DENY** plaintiff's motion to remand this action to Superior Court.

### III. CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand is hereby **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
            **United States District Judge**
            **November 18, 2011**

Notice to:
Ronald Heintzman
P.O. Box 1194
Silverton, OR 97381